IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOSEPH GARDNER, ) | No. C 13-3432 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER OF DISMISSAL |
| ) | |
| v. ) | |
| ) | |
| JOYCE SASSE, et al., ) | |
| ) | |
| Defendants. ) | |

    Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.   <u>Standard of Review</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal
G:\PRO-SE\LHK\CR.13\Gardner432habftsc.wpd

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged violation was committed by a person acting under the color of state law. *See West v.*
5 *Atkins*, 487 U.S. 42, 48 (1988).

6 B.    <u>Legal Claims</u>

7     In his complaint, plaintiff raises claims related to his underlying criminal conviction. In
8 support of his complaint, plaintiff attached his reply brief from his direct appeal, and states that
9 his appeal to the California Court of Appeal is still pending.

10     "'Federal law opens two main avenues to relief on complaints related to imprisonment: a
11 petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of
12 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of
13 confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v.*
14 *McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750
15 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier
16 release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting
17 *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not
18 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131
19 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison
20 conditions have traditionally been cognizable only via § 1983, while challenges implicating the
21 fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*,
22 393 F.3d 1024, 1026 (9th Cir. 2004).

23     Here, plaintiff is not challenging the conditions of his confinement. He is attacking the
24 lawfulness of his confinement altogether. Because plaintiff's claims, if successful, could affect
25 the duration of his custody, and the determination of the claims could result in entitlement to an
26 earlier release, plaintiff's claims must be brought in a habeas corpus proceeding. *See Ramirez v.*
27 *Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that a claim, which if successful would
28 "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas

petition).  Accordingly, this action is DISMISSED without prejudice to plaintiff's re-filing as a petition for habeas corpus pursuant to 28 U.S.C. § 2254 after he has completed exhausting his state remedies.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 9/25/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge